IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JERRY BINNION                                                                                    PLAINTIFF

         v.                          Civil No. 05-3001

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION

**Factual and Procedural Background:**

Plaintiff, Jerry Binnion, appeals from the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner"), denying his application for disability insurance benefits (hereinafter "DIB"), pursuant to §§ 216(i) and 223 of Title II of the Social Security Act (hereinafter "the Act"), *42 U.S.C. §§ 416(i)* and *423*.

Plaintiff was 50 years of age at the time of the administrative hearing and has a master's degree in mechanical engineering (T. 227, 225, 174). He has past relevant work as an owner/operator of a refrigeration service, and as an employee maintaining refrigeration systems (T. 64). Plaintiff asserts disability due to: cardiomyopathy with atrial fibrillation; congestive symptoms; morbid obesity; memory loss; depression; edema; and, organic brain disorder.

The Social Security Administration denied plaintiff's applications initially and upon reconsideration. He then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"), which hearing was held on May 27, 2004 (T. 217-242). The ALJ rendered an unfavorable decision on July 6, 2004 (T. 11-23). By Order entered December 4, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 3-5), thus making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial

review of that decision. See *42 U.S.C. § 405(g)*. Although both parties were afforded the opportunity to file an appeal brief, only the defendant has done so (Doc. # 8), and this matter is now ready for consideration.[1]

**Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*. Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*. As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*. In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at

---

[1] Plaintiff's appeal brief was to be filed on or before April 23, 2005. Plaintiff's counsel, Mr. Rick Spencer, sought an extension of time within which to file his appeal brief (Doc. #6). The undersigned granted an extension of time. Accordingly, plaintiff's appeal brief was to be filed no later than May 13, 2005 (Doc. #7). Absent such filing, the defendant filed her brief on June 13, 2005 (Doc. #8). To date, no appeal brief has been filed by the plaintiff or his counsel.

least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See *20 C.F.R. § § 404.1520(a)-(f)(2003)*. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole. *Ownbey v. Shalala*, 5 F.3d 342, 344 (8th Cir.1993). The law on this issue is clear. Under *Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir.1984), "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3)

AO72A
(Rev. 8/82)

aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, 45 F.3d 1190, 1193 (8th Cir.1995); *see also Baker v. Sec. of HHS*, 955 F.2d 552, 555 (8th Cir.1992). The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain. *Polaski v Heckler*, 751 F.2d 943, 948 (8th Cir.1984); *see also, Chamberlain v. Shalala*, 47 F.3d 1489, 1494 (8th Cir.1995). The ALJ must "discuss" these factors in the hearing decision. *Herbert v. Heckler*, 783 F.2d 128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943, 948-950 (8th Cir.1984))*. Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters. *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." *Polaski v. Heckler*, 739 F.2d at 1322.

To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. *Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir.1987). The ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d

AO72A
(Rev. 8/82)

*176, 179 (8th Cir.1988).*

Implicit in the ALJ's task of making a credibility determination is the requirement that he "discuss" the *Polaski* factors. *Herbert v. Heckler*, *783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler*, *783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

Residual functional capacity is what a plaintiff can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995);* 20 C.F.R. *§§416.945(a).*

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in

postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e)*.

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988)*. If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50*. The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997)*.

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence'

upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987)*. However, neither is the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989)*. Moreover, the deference accorded a treating physician is premised upon, as exists here, a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986)*.

The fact that a physician is not trained in the statutes and regulations of the Social Security Act does not preclude the physician from evaluating the plaintiff. The physician's findings and conclusions constitute substantial evidence which must be carefully weighed by the ALJ and the Commissioner. Unless there is medical evidence that contradicts or refutes the physician's medical conclusion, the Commissioner is *bound* to treat the treating physician's diagnosis and conclusion as substantial evidence.[2] *Morse v. Shalala 16 F.3d 865, 872 -873 (8th Cir.1994),* citing *Bastien v. Califano, 572 F.2d 908, 912 (2d Cir.1978);* see also *Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir.1982)* ("If the ALJ concludes that a treating physician's evidence is credible, therefore, he should give it controlling weight in the absence of evidence to the contrary because of the treating physician's greater familiarity with the plaintiff's

---

[2] This approach is consistent with Social Security Regulations that grant controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the case. *See 20 C.F.R. § 416.927(d)(2) (1993) (effective Aug. 1, 1991); Nelson v. Sullivan, 966 F.2d 363, 367-68 (8th Cir.1992)* (recognizing that "the new regulation merely codifies this circuit's law regarding the opinions of treating physicians").

-7-

conditions and circumstances.")

Finally, whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a)*.

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d)*. Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e)*.

**Discussion:**

As has been stated, the plaintiff has alleged disability, in part, due to mental impairments. On July 29, 2003, plaintiff was consultatively examined by Robert L. Hudson, Ph.D., at the request of the Social Security Administration (T. 172-176). With respect to organicity, Dr. Hudson noted that plaintiff had reportedly never had a head injury, had difficulty coming up with certain words, "certainly blocked" at time, could not remember the temperature at which water boils, "which he pointed out one would reasonably expect from a refrigeration engineer." (T. 174). Dr. Hudson diagnosed: Mood Disorder, not otherwise specified (mild); Obsessive-Compulsive Personality Disorder features; and, Congestive Heart Failure. With respect to plaintiff's prognosis, he opined:

> It is difficult to project a mental/emotional prognosis. If his symptoms of congestive heart failure improve, his mood will improve. He will undoubtedly have to remain on medication. Therefore, if he has a memory loss and if it can be attributed to the medication, then he will not be likely to improve and may continue to deteriorate.

AO72A
(Rev. 8/82)

(T. 174). Dr. Hudson summarized:

> It would be the opinion of the undersigned that the forgoing evaluation is a valid representation of this claimant's current mental/intellectual/adaptive state, reflecting an open and honest interview without exaggeration and/or malingering. This claimant would be expected to adequately manage funds without assistance.
>
> From a cognitive/emotional point of view he would be able to remember and carry out instructions in many employment situations. There is no evidence that he would be incapable of responding appropriately to supervisors or co-workers. He may not be able to handle the pressure of a competitive work environment but this would seem to be more a matter of physical stamina than mental/emotional difficulty.

(T. 176).

On May 10, 2004, plaintiff was examined by Vann Smith, Ph.D., at the request of his attorney. Dr. Smith diagnosed: Organic Brain Syndrome, Secondary to Axis III Condition (congestive heart failure); Organic Brain Syndrome Secondary to TBI (traumatic brain injury); and Congestive Heart Failure (T. 206). Dr. Smith further found that the plaintiff was "unable to meet competitive standards" in the following areas: maintaining attention for a two hour segment; maintaining regular attendance and being punctual within customary, usually strict tolerances; completing a normal workday and workweek without interruption from psychologically based symptoms; performing at a consistent pace without an unreasonable number and length of rest periods; understanding and remembering detailed instructions; and, carrying out detailed instructions (T. 209).

In the instant matter, the ALJ made the following finding with respect to plaintiff's alleged mental impairments:

> The undersigned finds that the evidence of record as a whole shows that the claimant experiences mild restrictions of daily living, mild difficulties in maintaining functioning, and mild difficulties in maintaining concentration, persistence, or pace. There have been no episodes of decompensation and the evidence does not establish the presence of the "C" criteria. The undersigned finds that the claimant suffers no psychological or emotional condition that would significantly impair his vocational performance in the workplace and accordingly finds the impairment of depression and memory loss to be non-severe impairments.

(T. 21). The ALJ noted that he found the assessments of Dr. Hudson "more consistent with the record." (T. 21)

Thus, with respect to the alleged mental impairments, the ALJ made his decision at step two of the sequential process, which decision is made based solely upon the medical evidence.

The United States Supreme Court has recognized that this severity regulation increases efficiency by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found disabled even if their age, education and work experience were taken into account. *Bowen v. Yuckert, 482 U.S. 137, 153 (1987).*

However, a majority of the Court adopted a standard allowing a denial of benefits at step 2 for "[o]nly those claimants with slight abnormalities that do not significantly limit 'any work activity.'" *Bowen v. Yuckert, 482 U.S. at 158.*

Thus, the sequential evaluation process can be terminated at step 2 only in cases where there is "no more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen, 870 F.2d 1392, 1396 (8th Cir.1989).* While the plaintiff did have the burden of

AO72A
(Rev. 8/82)

showing a severe impairment that significantly limited his physical or mental ability to perform basic work activities, the burden of a plaintiff at this stage of the analysis is not great. *Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir.2001).*

Further, the Social Security Administration has published a ruling on the issue of severe impairments which cautions:

> Great care should be exercised in applying the not severe impairment concept. **If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued....** [S]equential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

*Social Security Ruling 85-28, quoted in Yuckert, 482U.S. at 158, 107 S.Ct. 2287* (emphasis supplied). Applying this cautious standard to the evidence in the administrative record, we conclude that substantial evidence does not support the ALJ's decision to stop the sequential analysis of the plaintiff's claim of mental impairments with a step two finding that he has no severe mental impairment. See *Gilbert v. Apfel, 175 F.3d 602, 604-05 (8th Cir.1999).*

Even without consideration of the report of Dr. Smith, the undersigned believes that the evidence of record, particularly the report of Dr. Hudson, demonstrates "more than a minimal effect on the claimant's ability to work". *Hudson v. Bowen, 870 F.2d at 1396.* Thus, the ALJ's findings concerning the plaintiff's alleged mental impairments constitute reversible error, made even more critical by the fact that the ALJ when on to make his determination of "not disabled", relying solely upon the Medical-Vocational Guidelines. See *Lucy v. Chater, 113*

AO72A
(Rev. 8/82)

*F.3d 905, 908 (8th Cir.1997).*

**Conclusion:**

Thus, the undersigned concludes that the ALJ's decision denying benefits to the plaintiff is not supported by substantial evidence and should be reversed. This matter should be remanded to the Commissioner for the reasons set forth above.

ENTERED this 13th day of March, 2006.

                                          /s/ Bobby E. Shepherd
                                          HONORABLE BOBBY E. SHEPHERD
                                          UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)